**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____(State)_____

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's Name** | **HighPoint Resources Corporation** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Bill Barrett Corporation, HighPoint Resources Corporation, HighPoint Operating Corporation, Fifth Pocket Production, LLC, Bill Barrett CBM Corporation, Circle B Land Co. LLC,**<br><br>**Aurora Gathering, LLC, Elk Production Uintah, LLC, GB Acquisition Corporation, Bill Barrett Properties Inc, Bill Barrett Production Co** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **823620361** | |

4. **Debtor's address**

**Principal place of business**

**555 17th Street**
Number          Street

**Suite 3700**

**Denver,          Colorado     80202**
City                          State       Zip Code

**Denver County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State       Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State       Zip Code

5. **Debtor's website** (URL)        **https://www.hpres.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **HighPoint Resources Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2131**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |
| | | | | MM/DD/YYYY | | |
| | District | _____ | When | _____ | Case number | _____ |
| | | | | MM/DD/YYYY | | |

Debtor    **HighPoint Resources Corporation**                          Case number *(if known)*
_____
Name

| | |
|---|---|

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor      **See Rider 1**                          Relationship      **Affiliate**

District      **District of Delaware**

When      **3/14/2021**
MM / DD / YYYY

Case number, if known    _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other  

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency  

Contact name  

Phone  

---

| |
|---|
| **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.
☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

[1]    The Debtors engage in the exploration, development, and production of oil and natural gas. Certain Debtors possess or operate certain real properties with existing contamination where remediation efforts are presently underway. Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property (including the aforementioned properties) that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | **HighPoint Resources Corporation** | Case number *(if known)* |
|---|---|---|
| | Name | |

| **14. Estimated number of creditors**[2] | ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/14/2021**
MM/ DD / YYYY

✗    **/s/ William Crawford**                          **William Crawford**
Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

✗    **/s/ Domenic E. Pacitti**                Date    **3/14/2021**
Signature of attorney for debtor                MM/DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 N. Market Street, Suite 1000**
Number                Street

**Wilmington**                                    **Delaware**    **19801**
City                                              State      ZIP Code

**(302) 426-1189**                                **dpacitti@klehr.com**
Contact phone                                     Email address

**3989**                                          **Delaware**
Bar number                                        State

---

[2]    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of HighPoint Resources Corporation.

- HighPoint Resources Corporation
- HighPoint Operating Corporation
- Fifth Pocket Production, LLC

Official Form 201A (12/15)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHPOINT RESOURCES CORPORATION, | ) | Case No. 21-[ ] (   ) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    001-38435

2.    The following financial data is the latest available information and refers to the debtor's condition on December 31, 2020

| | | | |
|---|---|---|---|
| (i) | Total assets | $ | 826,637,000 |
| (ii) | Total debts (including debts listed in 2.c., below) | $ | 760,434,000 |
| (iii) | Debt securities held by more than 500 holders | | |

| | | | | | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $ | 350,000,000 | Unknown |
| secured ☐ | unsecured ☒ | subordinated ☐ | $ | 275,000,000 | Unknown |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

| | | | |
|---|---|---|---|
| (iv) | Number of shares of preferred stock | | |
| (v) | Number of shares of common stock | | 4,305,075 |

Comments, if any:

3.    Brief description of debtor's business:    HighPoint Resources Corporation, a Delaware corporation, together with its wholly-owned subsidiaries  is an independent oil and gas company engaged in the exploration, development and production of oil, natural gas and natural gas liquids.

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: ENERGY

GFW Energy XI LP (46.46%)

**Fill in this information to identify the case:**

Debtor name ___ HighPoint Resources Corp., *et al.*

United States Bankruptcy Court for the: ___ District of ___ Delaware

Case number *(If known):* ___
(State)

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DEUTSCHE BANK TRUST CO AMERICAS AS INDENTURE TRUSTEE FOR 7% SENIOR NOTES 60 WALL STREET 27TH FLOOR NEW YORK, NY 10005 | ROBERT PIAN ROBERT.PIAN@DB.COM (212) 250-2500 (210) 723-2451 | Unsecured Debt | | | | $360,140,277.78 |
| 2 | DEUTSCHE BANK TRUST CO AMERICAS AS INDENTURE TRUSTEE FOR 8.75% SENIOR NOTES 60 WALL STREET 27TH FLOOR NEW YORK, NY 10005 | ROBERT PIAN ROBERT.PIAN@DB.COM (212) 250-2500 (210) 723-2451 | Unsecured Debt | | | | $280,948,784.72 |
| 3 | MEADOWLARK MIDSTREAM COMPAMY LLC 2300 WINDY RIDGE PKWY SE STE 240S ATLANTA, GA 30339-5665 | JAMES JOHNSTON INFO@SUMMITMIDSTREAM.COM (720) 452-6220 (720) 452-6232 | Trade Payable | | | | $    2,014,376.90 |
| 4 | COVENANT TESTING TECHNOLOGIES PO BOX 733809 DALLAS, TX 75373-3809 | PAT LARKIN PLARKIN@CTEST.COM (432) 214-8040 | Trade Payable | | | | $       231,779.40 |
| 5 | NGL WATER SOLUTIONS 6120 SOUTH YALE AVE TULSA, OK 74136 | ELI GORDON ELI.GORDON@NGLEP.COM (303) 815-1010 (303) 815-1011 | Trade Payable | | | | $       218,027.34 |
| 6 | CURETON FRONT RANGE LLC 518 17TH ST DENVER, CO 80202 | ORGIL BATSAIKHAN ORGIL.BATSAIKHAN@CURETONMIDSTREAM.COM (833) 287-3866 (303) 376-6106 | Trade Payable | | | | $       212,223.78 |
| 7 | SWABBCO ATTN: ALISON STRAIN PO BOX 745 WINDSOR, CO 80550 | ALISON STRAIN ALISON.STRAIN1@SWABBCO.COM (970) 675-6292 (970) 548-4000 | Trade Payable | | | | $       190,967.15 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | UMR INC 115 W WAUSAU AVE WAUSAU, WI 54401 | LORI WOOD LORI_WOOD@UHC.COM (800) 826-9781 (855) 405-2189 | Trade Payable | | | | $    183,561.08 |
| 9 | JACAM CHEMICALS 2013 LLC PO BOX 96 STERLING, KS 67579 | CARLA GUSTAFSON CARLA.GUSTAFSON@JACAM.COM (620) 278-3355 (620) 278-2112 | Trade Payable | | | | $    177,059.21 |
| 10 | TITAN FIELD SERVICE LLC ATTN: KELLY PORTER PO BOX 113 SILT, CO 81652 | KELLY PORTER KPORTER@TITANFIELDSERVICE.COM (970) 379-2741 | Trade Payable | | | | $    155,703.15 |
| 11 | R J MANN ASSOCIATES INC 860 N 9TH AVENUE BRIGHTON, CO 80603 | DEBBIE KIRCHNER DEBBIEKIRCHNER@RJMANN.COM (303) 659-5139 (303) 659-5309 | Trade Payable | | | | $    144,976.88 |
| 12 | AMERICAN OILFIELD PRODUCTS INC 915 39TH ST EVANS, CO 80620 | JIM FERFOSS JIMW@AMOILFIELDPROD.COM (970) 573-5682 | Trade Payable | | | | $    127,609.17 |
| 13 | TECHNEAUX TECHNOLOGY SERVICES, LLC. ATTN: MICHAEL JOHNSON 312 WESTGATE RD LAFAYETTE, LA 70506 | MICHAEL JOHNSON MICHAEL.JOHNSON@TECHNEAUX.COM (800) 337-5513 | Trade Payable | | | | $    124,822.00 |
| 14 | COASTAL CHEMICAL CO LLC DEPT 2214 DALLAS, TX 75312-2214 | KERRY WILTZ INFO@COASTALCHEM.COM (800) 535-3862 (337) 892-1185 | Trade Payable | | | | $    121,046.23 |
| 15 | ARCHROCK SERVICES LP LANGLEY & BANACK, INCORPORATED ATTORNEYS AND COUNSELORS AT LAW 745 EAST MULBERRY AVENUE | SUITE 700 SAN ANTONIO, TX 78212 | GENIA ROMERO GENIA.ROMERO@ARCHROCK.COM (281) 836-8000 (302) 636-5454 | Trade Payable | | | | $    116,955.95 |
| 16 | ENTERPRISE FLEET SERVICES ENTERPRISE FM TRUST KANSAS CITY, MO 64180-089 | STEVE BLOOM STEVEN.E.BLOOM@EFLEETS.COM (877) 233-5338 (314) 863-1701 | Trade Payable | | | | $    116,462.87 |
| 17 | CONTRERAS FIELD SERVICES LLC PO BOX 848244 LOS ANGELES, CA 90084-8244 | ALEXANDER E CONTRERAS ALEX.CONTRERAS@CONTRERASFS.COM (970) 381-8143 | Trade Payable | | | | $    110,917.01 |
| 18 | TOTAL QUALITY FIELD SERVICES LLC 338 REMINGTON RANCH RD CARPENTER, WY 82054 | TED B VASSOS (307) 216-0225 | Trade Payable | | | | $    99,717.29 |
| 19 | CHAMPION OILFIELD SERVICE, INC. ATTN: MIKE MILLER 16461 HWY 52, PO BOX 96 WIGGINS, CO 80654 | INFO@CHAMPIONOILFIELDSERVICE.COM (970) 483-7252 | Trade Payable | | | | $    97,650.16 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  MUNDT ENERGY SERVICES, LLC ATTN: DAN NEWELL 6513 W 4TH ST GREELEY, CO 80634 | DAN NEWELL DAN.N@MUNDTENERGY.COM (970) 353-1264 (970) 460-0517 | Trade Payable | | | | $    93,658.93 |
| 21  ZITO TRUCKING PO BOX 327 WILLIAMSVILLE, NY 14231 | DAVID ZITO DAVIDZITO@ZITOTRUCKINGGROUP.COM (970) 515-6132 (970) 515-6069 | Trade Payable | | | | $    91,530.65 |
| 22  CONFLUENCE DJ LLC 1001 17TH ST STE 1250 DENVER, CO 80210 | WILLIAM E. NICAS (303) 226-9500 | Trade Payable | | | | $    89,649.37 |
| 23  PLUGGIN ALONG LLC PO BOX 2295 GILLETTE, WY 82717 | REBECCA CLABAUGH INFO@PLUGGINALONG.COM (307) 682-3717 (307) 682-3587 | Trade Payable | | | | $    75,285.44 |
| 24  SUPERIOR OILFIELD SERVICES CO LTD. DBA LASER OILFIELD SERVICES 2986 W 29TH ST SUITE 12-13 GREELEY, CO 80631 | RICHARD MILLER (970) 352-4444 (855) 966-8106 | Trade Payable | | | | $    75,282.80 |
| 25  SELECT ENERGY SERVICES LLC PO BOX 203997 DALLAS, TX 75320-3997 | CRAIG FRIC CFRIC@SELECTENERGYSERVICES.COM (713) 235-9500 (713) 986-2501 | Trade Payable | | | | $    74,262.82 |
| 26  MANCOS PETROLEUM SERVICES LLC 405 UBAN STREET, STE. 125 LAKEWOOD, CO 80228 | BOB O'DONOVAN INFO@MANCOSPETROLEUM.COM (720) 508-4261 | Trade Payable | | | | $    71,702.03 |
| 27  ENERFLEX ENERGY SYSTEMS, INC ATTN: CHERYL LINDSEY 10815 TELGE RD HOUSTON, TX 77095 | CHERYL LINDSEY CLINDSEY@ENERFLEX.COM (281) 345-9300 (281) 345-7434 | Trade Payable | | | | $    70,138.86 |
| 28  MORGAN COUNTY RURAL ELECTRIC ASSOCIATION PO BOX 738 FORT MORGAN, CO 80701 | ROB BARANOWSKI CUSTOMERSERVICE@MCREA.ORG (970) 867-5688 (970) 867-3277 | Trade Payable | | | | $    67,286.23 |
| 29  KRAN LLC ATTN: ERIC WHITEHEAD 3620 W 10TH STREET UNIT B BOX 171 GREELEY, CO 80634 | ERIC WHITEHEAD WHITEHEAD@THEKRAN.COM | Trade Payable | | | | $    57,292.96 |
| 30  STERLING ENERGY INVESTMENTS LLC 1200 17TH STREET SUITE 2850 DENVER, CO 80202 | JOHN CARPENTER JCARPENTER@STERLINGENERGY.US (720) 881-7100 (720) 881-7101 | Litigation | C,U,D | | | Undetermined |

## RESOLUTIONS OF
## THE BOARD OF DIRECTORS
## AND THE SOLE MEMBER OF EACH OF THE COMPANIES

### Effective as of March 14, 2021

The undersigned, being the requisite members of the respective board of directors or the sole member, as applicable (each, the "Governing Body"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies"), approved and adopted the actions described in and authorized by these resolutions (the "Resolutions") at the meeting of the Board held on March 13, 2021, pursuant to the organizational documents of HighPoint Resources Corporation, the laws of the State of Delaware, and each other Company's organizational documents and governing laws:

**WHEREAS**, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding the transactions contemplated under that certain transaction support agreement, dated as of November 9, 2020 (the "TSA"), and related merger agreement, dated as of November 9, 2020 (the "Merger Agreement"), the results of the Companies' out-of-court exchange offer, shareholder vote, and prepetition solicitation of the prepackaged chapter 11 plan of reorganization contemplated by the TSA (the "Plan"), which exchange and solicitations commenced on February 10, 2021, the results of Bonanza Creek's shareholder vote, the advantages and disadvantages to each Company for implementing the restructuring transactions and merger contemplated under the Plan pursuant to a chapter 11 process, feedback from the Companies' stakeholders and counterparties to the TSA and Merger Agreement regarding implementation of the transactions contemplated thereunder, and the present facts and circumstances in relation to the transactions contemplated under the TSA and Merger Agreement.

NOW, THEREFORE, BE IT,

### Chapter 11 Filing

**RESOLVED**, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the District of Delaware

(the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

       **RESOLVED**, that any any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

       **RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

       **RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr.

       **RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Tudor, Pickering, Holt & Co. and its affiliates, including Perella Weinberg Partners (collectively, "TPH-PWP"), as financial advisors and investment bankers to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of TPH-PWP.

       **RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Alix Partners, LLP ("AlixPartners"), as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and

DocuSign Envelope ID: 96D4DECB-B2BB-4763-90D5-B7B4EB578946

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in  section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Fourth Amended and Restated Credit Agreement, dated as of September 14, 2018 (as amended from time to time), by and among HighPoint Operating Corporation, as borrower, HighPoint Resources Corporation and Fifth Pocket Production LLC as guarantors, and JPMorgan Chase Bank, N.A., in its capacity as administrative agent, and certain lenders party thereto.

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Interim Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is,  authorized and empowered, in the name of and on behalf of each

DocuSign Envelope ID: 96D4DECB-B2BB-4763-90D5-87B4EB578946

Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order.

**RESOLVED**, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by Resolution of each Governing Body.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute these Resolutions on behalf of each Company as of the date above first written.

_____
Jim W. Mogg

_____
Scott A. Gieselman

_____
Craig S. Glick

_____
Andrew C. Kidd

_____
Lori A. Lancaster

_____
Edmund P. Segner

_____
R. Scot Woodwall

Being all of the directors of HighPoint Resources Corporation

*[Signature Page to Board Resolutions]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute these Resolutions on behalf of each Company as of the date above first written.

_____
R. Scot Woodall

_____
Kenneth A. Wonstolen

Being all of the directors of HighPoint Operating Corporation

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute these Resolutions on behalf of each Company as of the date above first written.

HighPoint Operating Corporation, being the sole member of Fifth Pocket Production, LLC

By: _____
Name: R. Scot Woodwall
Title: President & Chief Executive Officer

**Exhibit A**

| Company | Jurisdiction |
|---|---|
| HighPoint Resources Corporation | Delaware |
| HighPoint Operating Corporation | Delaware |
| Fifth Pocket Production LLC | Colorado |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHPOINT RESOURCES CORPORATION, | ) | Case No. 21-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF SUBSTANTIAL EQUITY SECURITY HOLDERS**

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| GFW Energy XI LP | 2850 N. Harwood Street, 19th Floor<br>Dallas, Texas 75201 | 46.46% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHPOINT RESOURCES CORPORATION, | ) Case No. 21-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| GFW Energy XI LP | 46.46% |

Fill in this information to identify the case and this filing:

Debtor Name          HighPoint Resources Corporation

United States Bankruptcy Court for the:          District of Delaware
                                                                                  (State)
Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration          **List of Substantial Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **3/14/2021** | ☒ */s/ William Crawford* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **William Crawford** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202                              Declaration Under Penalty of Perjury for Non-Individual Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHPOINT RESOURCES CORP. *et al.*,[1] | ) | Case No. 21-[_____] (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CERTIFICATE OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors") hereby certify that the Creditor Matrix submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the Creditor Matrix is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HighPoint Resources Corporation (0361); HighPoint Operating Corporation (0545); and Fifth Pocket Production, LLC (8360). The location of the Debtors' principal place of business is 555 17th Street, Suite 3700 Denver, Colorado 80202.